## Commonwealth v. Walter

*Howard R. Berninger*, for Commonwealth.
*Nicholas B. Piazza*, for defendant.

KREISHER, P. J., August 7, 1969.—The above-captioned case comes before the court on appeal from the alleged violation of a local ordinance which makes it unlawful in the name of disorderly conduct to make unusual noises with a vehicle within the municipality. Defendant is the owner of a Corvette Stingray equipped with a company-installed muffler, and he was arrested by the local police for accelerating in such a manner as to make a loud exhaust, which is alleged to be a violation of the said ordinance.

The Vehicle Code of April 29, 1959, P. L. 58, beginning with section 1101 through 1117, 75 PS §1101-1117, sets forth in detail the power and authority granted to local authorities and municipalities for regulation of the highway. Without detailing the extent of the powers granted to the municipalities, we point out that section 1103 provides:

"(a) Local authorities, except as expressly authorized by this act, shall have no power or authority to alter any speed limitations declared in this act, or to enact or enforce any ordinance, rule or regulation contrary to the provisions of this act, except that local authorities shall have power to provide by ordinance for the regulation of traffic by means of peace officers or official traffic signals on any portion of the high-

way where traffic is heavy or continuous, and may regulate or prohibit parking, stopping or loading of vehicles, except that parking meters shall not be installed at entrances to theaters, hotels, motion picture theaters, or prohibit other than one-way traffic upon certain highways, and may regulate the use of the highways by processions or assemblages, and may regulate the kinds and classes of traffic and its turning on certain highways at all or certain hours, and may regulate the transportation by motor vehicles of passengers for compensation within the limits of a city, or from points in the city to points beyond the city limits, and make and enforce regulations for the operation of such vehicles not inconsistent with this act, and designate certain streets upon which such vehicles may be operated."

We have examined the extent of the authority granted to the local authorities and can find no provision permitting them to create a crime of disorderly conduct by the manner in which a vehicle is operated. It goes without saying that all powers not delegated to the local municipalities remain with the State, and, therefore, in our opinion we think this matter must be regulated by the legislature and not by local ordinance. We conclude that a municipality may not make a valid ordinance making it disorderly conduct to operate a motor vehicle in such a manner as to make an unnecessarily loud noise.

Therefore, without further comment, we enter the following:

### ORDER OF COURT

And now, to wit, August 7, 1969, the appeal in the above-captioned case is sustained, the case is dismissed and the costs are placed upon the County of Columbia.